## WILLIAM H. WING, Respondent, *v.* CHARLES H. BULL, Appellant.

*Demurrer — it will not lie to the non-joinder of a proper, but not a necessary, party to the action.*

The complaint alleged that the defendant held the legal title to certain premises under a trust to convey the one equal undivided one-half-thereof to the plaintiff, and the other like one-half to Eliza Bull, the defendant's wife; that the defendant, though often requested so to do, refused to make a conveyance of his interest therein to the plaintiff; that the defendant had been in the use and enjoyment of the said premises and was entitled to certain credits, and refused to account to the plaintiff; the complaint then demanded judgment for an accounting and a conveyance.

*Held*, that a demurrer interposed upon the ground that Eliza Bull, the other *cestui que trust*, was not made a party, was properly overruled as she was not a necessary, though she might be a proper, party to the action.

APPEAL from an interlocutory judgment, entered upon an order overruling a demurrer to the complaint.

The complaint charges that the defendant holds the legal title to certain premises under a trust to convey the equal undivided one-half thereof to the plaintiff in this action, and the other like one half to Eliza Bull, the defendant's wife; that the defendant, though often requested so to do, refuses to make a conveyance of his interest in the premises to the plaintiff; that the defendant also has been in the use and enjoyment of said premises and is entitled to certain credits, and refuses to account to the plaintiff, and judgment is demanded for an accounting and conveyance. Defendant demurred because Eliza Bull, the other *cestui que trust*, was not made a party either plaintiff or defendant. The demurrer was overruled by the Special Term, and the defendant appealed.

*Charles Hughes*, for the appellant.

*Theo. N. Melvin*, for the respondent.

LANDON, J.:

The demurrer was properly overruled. Mrs. Bull may be a proper party to such an accounting as would adjust the rights of all the parties as between each other, but she is not a necessary party

to an accounting between the plaintiff and defendant. She may have a like claim to the land as the plaintiff, but she has no community of interest in the plaintiff's claim. Upon the case stated in the complaint the plaintiff is entitled to have the defendant convey to him an undivided one-half of the land, subject to such lien thereupon as may be shown to exist in the defendant's favor, upon an account stated between plaintiff and defendant.

If the account should show that the balance is in favor of plaintiff he can in this action obtain no lien upon Mrs. Bull's share, nor can he state any account as between himself and Mrs. Bull. The simple question is, between himself and defendant, upon what terms shall defendant convey to him. If there is any equity existing between the parties, by which the plaintiff's share should be charged with the whole amount of the moneys advanced by him or by the defendant, or with any use enjoyed by Mrs. Bull, or if the accounts between the plaintiff and defendant are so dependent upon their accounts with her, that the accounts of the three must be adjusted in order to ascertain the balance between the two, the present answer to such a suggestion is, that the complaint does not show such a state of facts, and therefore not till they are alleged in the answer, or the fact appears upon the trial, will it appear that Mrs. Bull is a necessary party. It is true the complaint alleges that the plaintiff has advanced money as a charge upon the whole land, that he has received some use thereof, and that Mrs. Bull has received some use thereof, but the plaintiff not having chosen to sue Mrs. Bull, can take nothing against her in this action, and he can state no account against the defendant except for what the defendant has or ought to have received. He can show under his complaint that, as between himself and defendant, the defendant ought to convey to him the undivided one-half of the premises upon being reimbursed that part of the balance due defendant upon his advances, which the defendant can show are properly chargeable upon plaintiff's share of the land. It may well be that Mrs. Bull would have been a proper party to this action, to the end that the parties rights against her should also be adjusted. But she is not a necessary party, until it appears that her rights must be adjusted between one party or the other, in order to adjust them between each other, and that does not yet

appear. The plaintiff need only show his title to the undivided one-half as against the defendant; he need not show who owns the other half. He need only show upon what terms, as between himself and defendant, the defendant should convey to him. Mrs. Bull had no interest in plaintiff's share of the land, nor in the state of the account between plaintiff and defendant. She is not therefore a necessary plaintiff. (Code, § 446.) She has no interest adverse to the plaintiff's claim against the defendant, and therefore is not a necessary defendant. (Sec. 447.) The court may completely determine the controversy between the parties without prejudice to her rights. (Sec. 452.)

Interlocutory judgment affirmed, with costs, with usual leave to withdraw demurrer and answer upon payment of costs.

LEARNED, P. J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Judgment interlocutory on demurrer affirmed, with costs, with privilege to withdraw demurrer on payment of costs.